32 A.3d 189

IN THE MATTER OF ARLEEN CABALLERO GONZALEZ,
AN ATTORNEY AT LAW (ATTORNEY NO. 021671984).

December 9, 2011.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 11–136, concluding that **ARLEEN CABALLE-RO GONZALEZ** of **LINWOOD**, who was admitted to the bar of this State in 1984, should be suspended from the practice of law for a period of three months for violating *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), and *RPC* 1.5(b) (failure to provide client with a writing setting for the basis or rate of the legal fee);

And the Disciplinary Review Board having further concluded that prior to her reinstatement to the practice of law, respondent should be required to provide proof of her fitness to practice law and should complete courses in law office management, and that after reinstatement, she should be required to practice under supervision for a period of two years;

And good cause appearing;

It is ORDERED that **ARLEEN CABALLERO GONZALEZ** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent shall continue to comply with the conditions ordered by the Court on June 2, 2010; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit to the Office of Attorney Ethics proof of her fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics, and shall successfully complete a course in law office management; and it is further

ORDERED that after reinstatement to the practice of law, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.